IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILNER VAL SAINT,

    Plaintiff,

v.                                     CASE NO. 1:10-cv-104-SPM-GRJ

FEDERAL BUREAU OF PRISONS,
FEDERAL PRISON INDUSTRIES,
and VARIOUS UNKNOWN FEDERAL
OFFICERS,

    Defendants.

_____/

## **ORDER**

    Plaintiff, an inmate serving a sentence in the custody of the United States Bureau of Prisons, initiated this case by filing a *pro se* complaint. (Doc. 1.) Plaintiff has been given the opportunity to amend his complaint and is currently operating pursuant to a First Amended Complaint. (Doc. 10.) Despite Plaintiff's amendment of his complaint, however, the Court must still complete an initial screening of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A.

    Plaintiff filed his First Amended Complaint on the Court's civil rights complaint form for prisoners in actions under 42 U.S.C. § 1983. Plaintiff is a federal prisoner, but apparently was sent the Court's section 1983 form for use by state prisoners when he was instructed to amend his original Complaint. (Doc. 8.) Accordingly, the Clerk will be instructed to send Plaintiff a blank civil rights complaint form for prisoners in actions under 28 U.S.C. § 1331 or § 1346.

    In his First Amended Complaint, Plaintiff attempts to bring claims for damages

for violation of his Eighth Amendment and First Amendment rights against the United States Bureau of Prisons (the "BOP") and two other Defendants. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Such a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969). The Federal Tort Claims Act ("FTCA") creates a limited waiver of that sovereign immunity by providing that the United States shall be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  FTCA claims can only be made against the United States. Simpson v. Holder, 184 Fed. Appx. 904, 908 (11th Cir. 2006)(*per curiam*)("The United States is the only proper defendant in an FTCA action.").

The BOP is a federal agency and, as such, enjoys the same sovereign immunity protection as the United States.  *See, e.g.,* Horne v. Social Sec. Admin, 359 Fed. Appx. 138, 143 (11th Cir. 2010)(*per curiam*)("The United States government may not be sued without its consent, and this immunity extends to federal government agencies."). Accordingly, Plaintiff cannot bring suit for damages against the BOP for violations of his Eighth Amendment or First Amendment rights and therefore those claims are barred by sovereign immunity.

The Court will give Plaintiff an opportunity to amend his First Amended Complaint to delete the BOP as a Defendant to this action.  To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "Second Amended

*Case No: 1:10-cv-104-SPM-GRJ*

Complaint." Plaintiff is advised that the second amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original complaint or the First Amended Complaint.

Accordingly, it is **ORDERED** that

(1) The Clerk shall send Plaintiff a blank civil rights complaint form for prisoners in actions under 28 U.S.C. § 1331 or § 1346.

(2) Plaintiff shall fully complete the complaint form. In amending his First Amended Complaint, Plaintiff shall not refer back to the First Amended Complaint or incorporate any part of the First Amended Complaint by reference. Plaintiff shall file the second amended complaint, together with an identical copy of the second amended complaint for each Defendant, on or before **September 23, 2011**.

(3) Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 7th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge